Present:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Lacy, S.J.

ANDREW JACKSON MARTIN

v.  Record No. 070136      OPINION BY JUSTICE DONALD W. LEMONS
                                   November 2, 2007
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether a court may require a defendant to submit to court-ordered child support as a condition of a suspended sentence.  For the reasons stated below, the judgment of the Court of Appeals will be affirmed.

I.    Facts and Proceedings Below

On October 23, 2005, at about 7:20 p.m., Officer Huffman of the Chesterfield County police observed Andrew Jackson Martin ("Martin") driving with a defective taillight.  The Officer followed Martin into a service station and when Martin began walking towards the store, asked him to come back. Officer Huffman explained to Martin why he was being stopped and asked him for his driver's license and registration.  When Martin responded that he did not have a license, Officer Huffman initiated a records check and found out that Martin's license was suspended.  Martin had been adjudicated an habitual offender in 1997, and notified of this status in January of 1998.  Upon presentation to the grand jury, Martin was indicted for driving after having been declared an

habitual offender. Upon trial by the court without a jury, Martin was found guilty. At sentencing, it was determined that Martin had at least six similar offenses. The court stated that this was "not really a driving offense but a failure to obey the orders of the Court." Martin testified at sentencing about his children and indicated that he does "take care of [his] kids," but was not under a court order to do so. He was sentenced to five years in prison, but the trial court suspended three years and six months of the sentence upon condition that the defendant be of good behavior, submit to supervised probation, and pay the costs of the proceeding. Additionally, the terms of the suspended sentence included a requirement that Martin "report to the Division of Child Support Enforcement and submit to an order of support for any child that is not in the defendant's custody."

Martin objected to the condition relating to child support, stating that it was unrelated to the charge, and that it additionally imposes an obligation on a third party – the mother of his child – to cooperate. He appealed to the Court of Appeals, which denied the appeal by order, stating that the condition was within the trial court's discretion and was reasonable. Martin v. Commonwealth, Record No. 1598-06-2 (December 19, 2006). We awarded him an appeal upon two assignments of error:

1. The trial court erred by ordering as a condition of his suspended penitentiary sentence that the appellant submit to court ordered child support for any children for which he did not have legal custody.
2. The Court of Appeals of Virginia erred by finding that the order of the trial judge was within his discretion.

## II. Analysis

The determination of sentencing lies within the sound discretion of the trial court. See e.g., Lane v. Commonwealth, 223 Va. 713, 719, 292 S.E.2d 358, 362 (1982) (citations omitted). A sentencing decision will not be reversed unless the trial court abused its discretion. See id.

Martin argues that the child support condition of the sentencing order is not reasonable and that it is not related to the underlying offense. He claims that child support has no connection to the commission of the crime, that there must be a nexus between the crime and the conditions placed on a suspended sentence, and that this condition was therefore unreasonable.

However, Code § 19.2-305(B) provides in relevant part that "[a] defendant placed on probation following conviction may . . . be required to provide for the support of his wife or others for whose support he may be legally responsible." Therefore, the General Assembly has made it clear that the

trial court may impose this condition.  At the sentencing hearing, Martin stated that he has two children with different mothers.  He also explained that he lives with one of the children, but not the other and that there was not a child support order in place requiring him to support either of them.  By requiring Martin to submit to court-ordered child support, the trial court simply imposed the requirements authorized by Code § 19.2-305(B).  We note that the General Assembly has adopted child support guidelines in Code § 20-108.2 and has empowered the Division of Child Support Enforcement to supervise and enforce child support payments. Code § 63.2-1901 et. seq.  In light of these Code provisions, we hold that the trial court did not abuse its discretion.

III.  Conclusion

The judgment of the Court of Appeals will be affirmed.

Affirmed.

4