JUSTICE POWELL, dissenting.
The majority rules that it need not decide whether the trial court erred and abused its discretion in sequencing Williams' sentences as it did because it is not a grave injustice to require Williams to serve his incarceration prior to being involuntarily committed for his mental illness after being found not guilty by reason of insanity. Under the facts of this case, I believe that the trial court erred and I respectfully disagree with the majority's conclusion that the ends of justice exception under Rule 5:25 does not apply. In my opinion, the ends of justice should be applied to the limited issue presented here, when a trial court does not follow the explicit language of a statute requiring civil commitment and instead imposes a term of incarceration.
**33 The majority finds that there was no manifest injustice for two reasons: (1) there is no statutory direction concerning the proper sequence of the imposition for the criminal conviction in relation to his involuntary civil commitment; and (2) the Department of Corrections has the resources, facilities, and obligation to provide Williams with mental health treatment during his period of incarceration. I must respectfully dissent, as I disagree with the first point and find the second point irrelevant.
I fully agree with the majority as to the discretion to be afforded a trial court's sentencing. Normally, "[t]he determination of sentencing lies within the sound discretion of the trial court." Martin v. Commonwealth , 274 Va. 733, 735, 652 S.E.2d 109, 111 (2007). "[W]hen a decision is discretionary ... the court has a range of choice, and ... its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Lawlor v. Commonwealth , 285 Va. 187, 212-13, 738 S.E.2d 847, 861 (2013) (citations omitted). A sentencing decision will not be reversed absent an abuse of discretion. Brown v. Commonwealth , 284 Va. 538, 542, 733 S.E.2d 638, 640 (2012).
*891 Here, the trial court was faced with two separate sentencing events, one that was discretionary and one that was mandatory. Therefore, I disagree with the majority that there is no statutory direction concerning the proper sequence of the imposition of his sentence. With regard to Williams' sentence for the July 8, 2014 felony assault and battery, third or subsequent offense, the Code provides a discretionary sentencing range of one to five years' incarceration. See Code § 18.2-10(f). Also, because the sentence was not mandatory, the court had the discretion to "suspend imposition of sentence or suspend the sentence in whole or part." Code § 19.2-303.
With regard to the August 24, 2014 offense, however, Williams pled not guilty by reason of insanity. Therefore, the provisions of Chapter 11.1, "Disposition of Persons Acquitted by Reason of Insanity," became applicable. The trial court found Williams not guilty by reason of insanity and placed Williams in temporary custody of the Commissioner of Behavioral Health and Developmental Services pursuant to Code § 19.2-182.2. As required, the trial court ordered an evaluation to determine (1) whether Williams currently had mental illness or intellectual disability and (2)
**34 whether he had a need for hospitalization. The evaluators opined that Williams was mentally ill and required inpatient hospitalization. The trial court conducted a hearing pursuant to Code § 19.2-182.3 and found, addressing Williams, that "I agree that you certainly do need to have the benefit of the services at Central State." Having made that finding, the trial court was required to commit Williams to inpatient hospitalization, as mandated by Code § 19.2-182.3 : "At the conclusion of the hearing, the court shall commit the acquittee if it finds that he has mental illness or intellectual disability and is in need of inpatient hospitalization." (Emphasis added.)* By not committing Williams after his acquittal by reason of insanity, the trial court committed an error and abused its discretion as its sentence was influenced by a mistake of law. If left uncorrected by this Court, that error leads to the grave injustice of a mentally ill person being incarcerated instead of receiving inpatient hospitalization as required by Code § 19.2-182.3. Our cases involving application of the ends of justice are limited, but not exhaustive. See Gheorghiu v. Commonwealth , 280 Va. at 689, 701 S.E.2d at 414. Applying the ends of justice exception here would prevent a grave injustice. Ordering immediate incarceration before the involuntary civil commitment was not a judgment that the "court had the power to render." Rawls v. Commonwealth , 278 Va. 213, 221, 683 S.E.2d 544, 549 (2009). As such, I would find that a manifest injustice did occur and that Williams is entitled to a new sentencing hearing.
Finally, while I agree with every observation made by the majority with regard to the obligations of the Department of Corrections, I find these observations to be irrelevant. Sentencing is within the province of the judiciary. Code § 19.2-295. In my opinion, because the Code does provide a proper sequence of sentencing under the facts of this case, I do not believe that the court can fail to properly exercise its authority simply because the **35 Department of Corrections has tools in place to address the situation.

See Commonwealth v. Chatman , 260 Va. 562, 572, 538 S.E.2d 304, 309 (2000) ("[i]f an acquittee is mentally ill and in need of inpatient hospitalization, the court must commit the acquittee"). "When reviewing the statutory language, the Court is bound by the plain meaning of that language[, and] must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." Bates v. Commonwealth , 287 Va. 58, 63, 752 S.E.2d 846, 849 (2014) (internal quotation marks omitted).