COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Petty and AtLee
Argued at Lexington, Virginia


LANDON CONNER KEITH

MEMORANDUM OPINION* BY
v.        Record No. 0694-17-3            JUDGE ROBERT J. HUMPHREYS
                                          MAY 8, 2018
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CARROLL COUNTY
Brett L. Geisler, Judge

Thomas M. Jackson, Jr. (The Jackson Law Group PLLC, on brief),
for appellant.

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Landon Conner Keith ("Keith") appeals the decision of the Circuit Court of Carroll

County ("circuit court") dated April 18, 2017, arguing the circuit court abused its discretion by

ordering him to pay $15,066.26 in restitution.  On August 5, 2015, Keith fell asleep while

driving, precipitating a crash which killed his passenger Chelsea Thompson ("Thompson").

Keith was under the influence of alcohol, and was charged with involuntary manslaughter.

At sentencing, counsel for Keith proffered that while criminal proceedings were ongoing,

Thompson's estate settled a wrongful death claim with Keith's insurance carrier, State Farm

Insurance Company, for the policy maximum of $100,000.  The proffer indicated that this

settlement included language referencing payment of the funeral expenses already incurred by

Thompson's estate, and required the estate administrator, Thompson's mother Judy, to distribute

$11,368.16 of the insurance payout to the Rose & Quesenberry Funeral Home, Inc. for funeral

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

expenses and $3,502 to Blue Ridge Funeral Home for purchase of a headstone.[1] The settlement further released Keith from all other claims by the Thompson estate. A copy of an order by the Circuit Court of Raleigh County, West Virginia was admitted indicating that a settlement was approved on June 22, 2016. Keith pled guilty to involuntary manslaughter on December 20, 2016. Pursuant to Code § 19.2-305.1, the Commonwealth requested that, as a condition of any suspended sentence, the circuit court order payment to Thompson's mother of $15,066.26 in restitution for the funeral expenses incurred by the estate. Counsel for Keith proffered that the funeral expenses had already been paid to Thompson's estate through the insurance settlement, although no documentary evidence was offered to corroborate that fact. The circuit court sentenced Keith to ten years with nine years and six months suspended conditioned, among other things, upon the payment of restitution for the funeral expenses. In response to the proffer by counsel for Keith, the circuit court nevertheless ordered the payment of restitution to Thompson's mother for the funeral expenses; the circuit court stated "[i]t is my opinion that $100,000.00 is a small amount of money to compensate a family for the loss of a loved one under the circumstances of this case. Consequently, Mr. Keith will be required to pay $15,066.26 in restitution." Keith appeals that provision of the sentencing order contending that the circuit court erred in ordering that he be required to pay for his victim's funeral expenses when his insurance carrier has already settled with Thompson's estate for the payment of those expenses.

---

[1] We note that these two figures total to only $14,870.16, while the circuit court ordered Keith to pay $15,066.26, the amount proffered by the prosecutor during the hearing at which Keith pleaded guilty as evidence the Commonwealth would produce if the case went to trial. This proffer was not challenged by Keith. Keith argues on appeal that the civil settlement satisfies his criminal restitution responsibility, but it appears that, even if these funds are considered as restitution on his behalf, Keith would still owe $196.10. The cause of the discrepancy between the settlement amount and the court-ordered amount is not evident from the record.

ANALYSIS AND HOLDING

A. Standard of Review

Restitution "is a well-established sentencing component." Frazier v. Commonwealth, 20 Va. App. 719, 721-22, 460 S.E.2d 608, 609 (1995) (quoting Deal v. Commonwealth, 15 Va. App. 157, 160, 421 S.E.2d 897, 899 (1992)).  Sentencing statutes "confer upon trial courts 'wide latitude' and much 'discretion in matters of suspension and probation . . . to provide a remedial tool . . . in the rehabilitation of criminals' and, to that end, 'should be liberally construed.'" Deal, 15 Va. App. at 160, 421 S.E.2d at 899 (quoting Nuckoles v. Commonwealth, 12 Va. App. 1083, 1085-86, 407 S.E.2d 355, 356 (1991)).  "The determination of sentencing lies within the sound discretion of the trial court.  A sentencing decision will not be reversed unless the trial court abused its discretion." Martin v. Commonwealth, 274 Va. 733, 735, 652 S.E.2d 109, 111 (2007) (internal citations omitted).  "In evaluating whether a trial court abused its discretion . . . 'we do not substitute our judgment for that of the trial court.  Rather, we consider only whether the record fairly supports the trial court's action.'" Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quoting Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997)).

B. Whether the Circuit Court Abused Its Discretion

While the sentencing statutes in question generally grant courts, per Deal, "wide latitude," Code § 19.2-305.1(B) requires that "any person who . . . commits, and is convicted of, a crime in violation of any provision in Title 18.2 shall make at least partial restitution for . . . expenses directly related to funeral or burial incurred by the victim or his estate as a result of the crime."

Given the clear statutory mandate quoted above, it is something of a paradox to argue, as Keith does here, that the circuit court abused its discretion when it followed an obvious statutory

requirement. When suspending any portion of a sentence, what little discretion is left to the circuit court in this matter is only the amount of restitution rather than whether to award restitution at all, and it would seem axiomatic that a court cannot abuse its discretion when there is no discretion permitted by the statute to abuse.

Nevertheless, Keith suggests that his insurance carrier's civil settlement has a preclusive effect on the ability of the circuit court to order restitution because Thompson's estate was bound by the West Virginia settlement order to renounce any future claims, apparently arguing the Commonwealth's order of restitution should be classified as a claim and therefore barred. Keith further argues the circuit court order was an abuse of discretion because restitution can only be made once, and Thompson's estate was already "made whole" through the settlement.

Keith's reductionist view mischaracterizes the purpose of criminal restitution, which reaches beyond compensating the victim to encompass additional goals of the Commonwealth that are not part of any contractual arrangement between Keith and his insurance carrier. The restitution ordered by the circuit court is not a claim against Thompson's estate subject to a settlement order in another jurisdiction. Rather, it is a component of a criminal sentence and both a penal sanction and rehabilitative remedy payable to Thompson's mother in her capacity as a statutorily defined 'victim" of a criminal act and not as executor or beneficiary of her daughter's estate.

Using similar reasoning, the United States Supreme Court concluded that federal bankruptcy law could not absolve criminal restitution obligations:

> the criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally

> does not turn on the victim's injury, but on the penal goals of the
> State and the situation of the defendant.

Kelly v. Robinson, 479 U.S. 36, 52 (1986).

Just as the Kelly Court refused to categorize criminal restitution as a debt or claim for bankruptcy purposes, we decline to categorize Keith's restitution obligation as a claim of Thompson's estate. Other jurisdictions have extended this same reasoning to civil settlements, finding that a civil settlement will not preclude restitution which is penal in nature, serving rehabilitative and retributive ends. See United States v. Karam, 201 F.3d 320, 328 (4th Cir. 2000).

Furthermore, what discretion exists in the ordering of restitution demonstrates the General Assembly intended restitution to be used in a complementary fashion with other remedial sentencing tools. "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." Howell v. Commonwealth, 274 Va. 737, 740, 652 S.E.2d 107, 108 (2007) (citing Peyton v. Commonwealth, 268 Va. 503, 508, 604 S.E.2d 17, 19 (2004)). In previous decisions involving restitution, we have noted that relevant statutes must be read in *pari materia* — read, construed, and applied together. Alger v. Commonwealth, 19 Va. App. 252, 256, 450 S.E.2d 765, 767 (1994). Applying that principle here reinforces the importance of using rehabilitative tools in balance. For example, Code § 19.2-305.1(A) requires that, for a crime resulting in property damage or loss, the court may only suspend a sentence if the defendant makes at least partial restitution or performs community service. Here, the majority of Keith's criminal sentence was suspended. It makes sense, therefore, to presume that this suspension was made in concert with the order of restitution for rehabilitative purposes. See Esparza v. Commonwealth, 29 Va. App.

600, 608, 513 S.E.2d 885, 889 (1999). It would thus be improper for us to invalidate a portion of this considered balance and ignore the rehabilitative purposes of restitution.

With the purposes of this statute fully considered, we turn to how this case comes before us, and the question of double recovery. Keith simultaneously argues against the estate's "double recovery" and the importation of the so-called "collateral source rule," a tort precept that prevents payments from certain third parties, such as insurance companies, from being counted against restitution obligations on the theory that, in such a scenario, one of the parties must experience a windfall, either of double recovery or avoiding payment, and that the law should favor the victim in such a dilemma. See Schickling v. Aspinall, 235 Va. 472, 474-75, 369 S.E.2d 172, 174 (1988). Though we have not authoritatively ruled on the applicability of such a rule in the criminal setting, the present case does not require that we do so.

Instead, we note that Keith did not argue to the circuit court that it should consider his restitution burden already satisfied by the payments made through the civil settlement and offer evidence to that effect,[2] but instead objected to the circuit court ordering the statutorily mandated restitution provision of his suspended sentence at all.

In many cases, the victim of a crime may recover damages from their own insurance carrier. Such payments do not affect any court-ordered restitution for a number of reasons, including the fact that such payments are irrelevant to the rehabilitative and penal goals of restitution, and, of course, because in that situation, the insurance proceeds are paid to and also on behalf of the victim of the crime – not the defendant who committed it. Conversely, when restitution is made by, or on behalf of, a *defendant*, the requirement for payment of restitution may be satisfied, but that determination can only be made if and when the Commonwealth seeks

---

[2] No evidence of the actual payment of such expenses, such as copies of cancelled checks, was presented to the circuit court or otherwise made a part of this record.

to execute a suspended portion of a sentence based upon an assertion that required restitution has not been paid and there is evidence in the record that permits effective appellate review – an issue that would be premature and advisory and which we decline to decide today.

For the reasons stated above, the judgment of the circuit court is affirmed.

<u>Affirmed.</u>