COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Fulton and Lorish
Argued at Fredericksburg, Virginia


DEFONTIES MANDELE ANDERSON

                                            MEMORANDUM OPINION* BY
v.        Record No. 0660-22-4              JUDGE RANDOLPH A. BEALES
                                                   JUNE 6, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

Marissa Ulman (Office of the Public Defender, on briefs), for
appellant.

Lindsay M. Brooker, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Defonties Anderson appeals his sentence of eight months of active incarceration for

violating the terms of his probation.  In his sole assignment of error on appeal, Anderson argues that

"[t]he Circuit Court erred in imposing a sentence for a technical violation that exceeded the

limitations established in Va. Code § 19.2-306.1 and was disproportionate to similarly situated

defendants, in violation of the 5th, 8th and 14th Amendments."

I.  BACKGROUND

In 2015, upon his plea of guilty, the Circuit Court of Arlington County convicted Anderson

of burglary.  The circuit court sentenced Anderson to ten years of imprisonment with six years

suspended.  It also ordered Anderson to submit to four years of supervised probation upon his

release from prison.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413.

Anderson was released from prison in 2019 and did not violate any of the terms of his probation until September 16, 2021. In the major violation report filed on November 4, 2021, Anderson's probation officer stated that Anderson had violated the terms of his probation by failing to obey local laws and by using a firearm while on probation. The report indicated that Anderson was arrested in Washington, D.C., on September 16, 2021, on the charge of possession of a firearm after having been convicted of a felony. According to an affidavit submitted by a D.C. police officer, video footage showed Anderson "producing what appeared to be a firearm and firing the weapon." The major violation report also indicated that the D.C. trial court had released Anderson on bail before his case went to trial. While he was out on bail for his pending charge in D.C., the Arlington County Sheriff's Office arrested Anderson on January 10, 2022, for violating his probation in Virginia.

At Anderson's February 25, 2022 revocation hearing, the circuit court found that Anderson was in violation of his probation because he possessed a firearm in D.C. while on probation. The trial judge noted, "Clearly he was in possession of a firearm" given what the D.C. police officer stated in his affidavit. Anderson argued that the circuit court could not impose any active time of incarceration because Anderson's conduct constituted a first technical violation under Code § 19.2-306.1. The Commonwealth initially argued that Anderson violated a special condition by unlawfully possessing a firearm, but the prosecutor then stated that "it seems that it is a technical violation" after referencing Code § 19.2-306.1(A). The trial judge responded by saying, "It's ridiculous, is what it is." Despite the Commonwealth's decision to proceed under Code § 19.2-306.1 and Anderson's agreement to be sentenced under that statute, the trial judge reasoned that Code § 19.2-306.1(A) did not limit Anderson's sentence in this case. The circuit court then revoked Anderson's sentence and resuspended all but eight months of Anderson's original sentence "for the possession of a firearm."

## II. ANALYSIS

On appeal, Anderson only challenges the sentence he received as a result of his probation violation.[1] "A sentencing decision will not be reversed unless the trial court abused its discretion." *Martin v. Commonwealth*, 274 Va. 733, 735 (2007). However, "[a circuit] court by definition abuses its discretion when it makes an error of law." *Porter v. Commonwealth*, 276 Va. 203, 260 (2008) (alteration in original) (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)). Furthermore, whether the circuit court here erroneously interpreted Code § 19.2-306.1 is an issue of statutory interpretation that "is a pure question of law which we review de novo." *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007).

Code § 19.2-306 provides the statutory authority for a circuit court to revoke a suspended sentence. "Effective July 1, 2021, Code § 19.2-306(C) was 'amended and reenacted' to provide that '[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1.'" *Green v. Commonwealth*, 75 Va. App. 69, 78 (2022) (alteration in original) (quoting 2021 Va. Acts Spec. Sess. I c. 538). "The newly enacted Code § 19.2-306.1 limits the period of active incarceration that a circuit court can impose for what the statute refers to as certain 'technical violations' enumerated under the new statute." *Id.* As is relevant to this case, Code § 19.2-306.1(A)(viii) states that a probationer commits a "technical violation" if he fails to "refrain from the use, ownership, possession, or transportation of a firearm." However, "[i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was *convicted* of a criminal offense that was committed after the date of the suspension," then the circuit court is not restricted—by the number of technical violations in subsection (A)—as to the

---

[1] Anderson does not challenge on appeal the circuit court's determination that he violated the terms of his probation by possessing a firearm.

amount of time in the suspended sentence that it can revoke and then impose as active incarceration.  Code § 19.2-306.1(B) (emphasis added).

Here, the circuit court found that Anderson violated the terms of his probation because "he was in possession of a firearm."  Anderson is charged with committing this offense on September 16, 2021, but, according to the record before us on appeal, is not convicted of it.  His revocation hearing was held on February 25, 2022.  Given that Anderson's only probation violation occurred after July 1, 2021, and given that all of Anderson's revocation proceedings occurred after July 1, 2021, Code § 19.2-306.1 must apply in this case to limit the sentence that the circuit court could impose for Anderson's probation violation.  In addition, the Commonwealth elected to proceed under Code § 19.2-306.1 during the revocation proceedings, and Anderson clearly agreed to proceed under this new statute.  *See Heart v. Commonwealth*, 75 Va. App. 453, 463 (2022) (holding that Code § 19.2-306.1 applies when the Commonwealth proceeds under this statute and the defendant agrees to be sentenced under this statute); *see also Ruplenas v. Commonwealth*, 221 Va. 972, 978 (1981) ("We hold that the penalty in existence at the time of the offense should be applied unless the Commonwealth first elects to proceed under the new statute and obtains the consent of the defendant to do so.").

Applying Code § 19.2-306.1 to this case, it is evident that Anderson's possession of a firearm constitutes a "technical violation" under subsection (A)(viii).  *See Delaune v. Commonwealth*, 76 Va. App. 372, 383 (2023) ("When the violation conduct matches the conduct listed in Code § 19.2-306.1(A), it is, by definition, a 'technical violation.'").  Despite this being Anderson's first technical violation, Code § 19.2-306.1(C) requires that "a first technical violation based on clause (viii) or (x) of subsection A shall be considered a second technical violation . . . ."  Under Code § 19.2-306.1(C), "the court may impose not more than 14 days of active incarceration for a second technical violation."  Furthermore, given that Anderson was

only charged—not convicted—with possession of a firearm after having been convicted of a felony, the circuit court could not rely on Code § 19.2-306.1(B) to revoke more of Anderson's sentence and to sentence him to an active sentence greater than fourteen days of active incarceration. Therefore, the circuit court erred in imposing a sentence of eight months of active incarceration for a violation that is treated as "a second technical violation."

### III.  CONCLUSION

Code § 19.2-306.1 applies in this case because the conduct violating Anderson's probation took place after July 1, 2021, when Code § 19.2-306.1 went into effect. Furthermore, the Commonwealth and Anderson agreed that they were proceeding under the new Code § 19.2-306.1. Given that Anderson's charge of possessing a firearm is a probation violation that is treated as "a second technical violation" under Code § 19.2-306.1, the circuit court could only handle revocation of the suspended sentence so as to sentence Anderson to a maximum of fourteen days of active incarceration in this case. Therefore, we must reverse the circuit court's decision imposing a sentence of eight months of active incarceration, and we remand to the circuit court for it to reconsider the amount of the suspended sentence that it is revoking and imposing as active incarceration so that the sentence of active incarceration imposed is no longer than the fourteen days allowed under Code § 19.2-306.1.[2]

*Reversed and remanded.*

---

[2] Anderson never raised his constitutional argument in circuit court. Therefore, he has failed to preserve this argument for appeal. *See* Rule 5A:18. However, even if it were preserved for appeal, because we decide Anderson's assignment of error based on the requirements of Code § 19.2-306.1, we would not need to reach his constitutional argument here.