COURT OF APPEALS OF VIRGINIA

Present:  Judges O'Brien, Ortiz and Senior Judge Haley

WILLIAM COLUMBUS BROUGHTON

                                                    MEMORANDUM OPINION*
v.     Record No. 1732-22-1                         PER CURIAM
                                                    JULY 18, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Robert B. Rigney, Judge

(J. Barry McCracken, Assistant Public Defender, on brief), for
appellant.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Lucille Wall, Assistant
Attorney General, on brief), for appellee.


Upon his guilty pleas, the trial court convicted William Columbus Broughton of two counts

of credit card theft.  The trial court revoked Broughton's previously suspended sentences based on

the new convictions.  The trial court sentenced Broughton to a total of 24 months of incarceration

with 12 months suspended for the new convictions.  The court also revoked 6 years and 33 months

of Broughton's previously suspended sentences and ordered him to serve them in their entirety.  On

appeal, Broughton argues that the trial court abused its discretion by imposing the entirety of his

sentences.  After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a);

Rule 5A:27(a).  We affirm the trial court's judgment.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

In 2015, the trial court convicted Broughton of five counts of credit card theft, two counts of credit card forgery, and grand larceny of a motor vehicle and suspended a large portion of his sentences. In 2021, the trial court found Broughton in violation of his probation after he incurred new convictions in Virginia Beach for credit card theft and in Norfolk for credit card fraud. The trial court revoked Broughton's suspended sentences and resuspended all but nine months. Broughton was released in December 2021 but was again arrested in January 2022 and charged with 17 counts of credit card theft. His probation officer's major violation report alleged several violations, including the new criminal charges, failing to contact the officer, and absconding.

As part of his guilty plea, Broughton admitted that in January 2022, he stole a credit card from the library at Old Dominion University. He used the card to purchase gift cards. Broughton further admitted that he had received credit cards from a "credit card ring" after meeting members of the ring on campus. Surveillance footage showed Broughton on campus "around the areas where the credit cards were stolen."

The plea agreement called for a maximum sentence on the new convictions for a total of three years of incarceration. Broughton also admitted to eight probation violations from his 2015 convictions. He acknowledged that he understood that the three-year cap did not include the probation violations and that the trial court could impose his suspended time.

At the combined sentencing and revocation hearing, Broughton testified about his problems with substance abuse and his troubled childhood. Broughton's counsel conceded that "the system

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so, we discard any of Broughton's conflicting evidence and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

already tried absolutely everything with Mr. Broughton." Based on Broughton's extensive record and repeated violations, the trial court was "not inclined" to allow Broughton to enroll in the Community Corrections Alternative Program (CCAP) or the Real Life program. The court emphasized that Broughton committed his first new offense within weeks of being released from prison following his previous violation. The trial court concluded that Broughton's "long atrocious record" and repeated violations justified the revocation of his remaining suspended sentences of 6 years and 33 months, and ordered him to serve them. For the 2022 convictions, the trial court sentenced Broughton to 24 months with 12 months suspended. Broughton appeals.

ANALYSIS

Broughton does not challenge his sentence arising out of the new offenses, but asserts the time imposed for his probation violations on top of his new offenses "was excessive and an abuse of discretion."

"The determination of sentencing lies within the sound discretion of the trial court. A sentencing decision will not be reversed unless the trial court abused its discretion." *Garibaldi v. Commonwealth*, 71 Va. App. 64, 67 (2019) (quoting *Martin v. Commonwealth*, 274 Va. 733, 735 (2007)). "If a sentence imposed is within the statutory limits fixed by the legislature, the assumption is that the sentence will not be disturbed on appeal." *Bassett v. Commonwealth*, 13 Va. App. 580, 582 (1992). This is the extent of our substantive sentencing review "[a]bsent an alleged statutory or constitutional violation." *Taylor v. Commonwealth*, 77 Va. App. 149, 177 (2023) (alteration in original) (citing *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016)).

Generally, after suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless

- 3 -

there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C).[2] If the basis of the violation is "that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B). The trial court is permitted—but not required—to resuspend all or part of the sentence. *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

It is within the trial court's purview to weigh any mitigating factors presented to the trial court. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). We therefore will not disturb the trial court's judgment based on its assessment of Broughton's mitigating evidence. Moreover, Broughton's repeated probation violations were a relevant factor for the trial court to consider.

Broughton does not contend that the trial court lacked sufficient cause to revoke his suspended sentences; indeed, he stipulated that he had violated the terms of the suspended sentences. Rather, he argues only that the trial court should have given more weight to his mitigation evidence. The record demonstrates that Broughton incurred new criminal convictions during the suspension period. Thus, it was within the trial court's discretion to "impose or resuspend any or all" of the previously-suspended sentences. Code § 19.2-306.1(B).

Here, balanced against Broughton's mitigating evidence were significant factors in aggravation. The trial court emphasized Broughton's "atrocious" criminal history and his multiple probation violations. The trial court balanced Broughton's mitigation evidence against

---

[2] Code § 19.2-306(C) was amended effective July 1, 2021, and no longer requires the trial court to revoke the sentence. 2021 Va. Acts Spec. Sess. I ch. 538.

the other evidence and determined imposing the entirety of his suspended time in addition to the 12-month active sentence for the new offenses was appropriate. "Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett*, 13 Va. App. at 584.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Broughton's repeated disregard of the terms of his suspended sentences supports a finding that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Broughton failed to make productive use of the grace that had been extended to him and continued to engage in criminal conduct during the probation period.

We hold that the sentence the trial court imposed represents a proper exercise of its sentencing discretion. *See Alsberry*, 39 Va. App. at 321-22 (finding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

CONCLUSION

The trial court had sufficient cause to revoke Broughton's probation and was within its discretion to reimpose the balance of Broughton's suspended time. The court considered Broughton's mitigating and enhancing factors in making its determination and reimposed his initial sentences. For the foregoing reasons, the trial court's decision is affirmed.

*Affirmed.*