UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges O'Brien, Ortiz and Senior Judge Haley


NICHOLAS ALEXANDER HOWARD

MEMORANDUM OPINION*

v.     Record No. 1489-22-4

PER CURIAM
JULY 25, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

(Jonathan P. Sheldon; Sheldon & Flood, PLC, on briefs), for
appellant.

(Jason S. Miyares, Attorney General; Collin C. Crookenden,
Assistant Attorney General, on brief), for appellee.


Upon his guilty pleas, the trial court convicted Nicholas Alexander Howard of one count of

possession of child pornography, first offense and one count of child pornography, second offense.

The trial court sentenced Howard to a total of 15 years of incarceration with 7 years suspended.

Howard moved the trial court to reconsider his sentence, and the court denied the motion. On

appeal, Howard argues that trial court abused its discretion by "failing to consider all relevant

factors and in failing to grant [his] motion to reconsider his sentence." He also contends that the

trial court abused its discretion "when it sentenced [him] to supervised probation for life which

exceeded the court's statutory authority of five years" as provided under Code § 19.2-303. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

We affirm the trial court's judgment.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

At the plea hearing, the Commonwealth proffered that after receiving a tip, the police obtained and executed a search warrant at Howard's residence in March 2019. Howard admitted to the police that the internet account associated with the tip was his and that "he may have saved or re-blogged images of child pornography from his Tumblr account." A special agent reviewed the images on Howard's device and identified several images depicting child sexual abuse. Following his arrest in 2021, Howard entered into a plea agreement with the Commonwealth. In the written agreement, Howard acknowledged that there was no promise as to his sentence and that the "judge may suspend a part or all of the sentence or the judge may not suspend any of it." He confirmed that he understood the maximum sentence he could receive included a total of 15 years of incarceration and a period of probation. During the plea colloquy, Howard affirmed that he understood the trial court was not bound by the sentencing guidelines. Howard introduced evidence in mitigation, including letters from family members and former employers. He also introduced evidence that he had completed an intensive substance abuse program. He "advised that the root of his sexually deviant behavior was his unaddressed substance abuse and mental health issues." A psycho-sexual evaluation concluded that Howard was at a "low risk for sexual recidivism." The sentencing guidelines recommended a range of one year to three years and two months of incarceration. Noting that it considered Howard's mitigation evidence, the trial court emphasized the seriousness of the crimes and "the trauma of these kids." The trial court found the guidelines "wholly inadequate" and that Howard "failed to show any [credible] remorse." The trial court

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so, we discard any of Howard's conflicting evidence and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

sentenced Howard to five years on the possession first offense and ten years with seven years suspended on the possession second offense. The court added supervised probation for the rest of Howard's life. Howard filed a motion to reconsider his sentence and lifetime probation requirement, which the trial court denied. Howard appeals, arguing that the trial court failed to consider all relevant factors in sentencing him and that it abused its discretion in sentencing Howard to supervised probation in excess of five years.

ANALYSIS

I.

Howard argues that the trial court abused its discretion by imposing an eight-year active sentence because it failed to "consider all relevant factors."

"The determination of sentencing lies within the sound discretion of the trial court. A sentencing decision will not be reversed unless the trial court abused its discretion." *Garibaldi v. Commonwealth*, 71 Va. App. 64, 67 (2019) (quoting *Martin v. Commonwealth*, 274 Va. 733, 735 (2007)). "If a sentence imposed is within the statutory limits fixed by the legislature, the assumption is that the sentence will not be disturbed on appeal." *Bassett v. Commonwealth*, 13 Va. App. 580, 582 (1992). This is the extent of our substantive sentencing review "[a]bsent an alleged statutory or constitutional violation." *Taylor v. Commonwealth*, 77 Va. App. 149, 176-77 (2023) (alteration in original) (quoting *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016)).

It was within the trial court's purview to weigh the mitigating evidence Howard presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and

seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.*

Here, the record demonstrates that the trial court considered Howard's mitigating evidence and after considering all the circumstances, imposed the sentence that it deemed appropriate. Furthermore, Howard's sentence was within the statutory range set by the legislature. *See* Code §§ 18.2-10 and 18.2-374.1:1. "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565).

Howard maintains that the trial court erred in denying his motion for modification of sentence under Code § 19.2-303. A trial court's authority to suspend or modify an unserved portion of a felony sentence is restricted to situations in which the person has not yet been transferred to the Department of Corrections or within 60 days of such transfer. *See* Code § 19.2-303. The statute provides that a court "may . . . suspend or otherwise modify" the unserved portion of a felony sentence if "there are circumstances in mitigation of the offense" and "it appears compatible with the public interest." *Id.*; *see Wilson v. Commonwealth*, 54 Va. App. 631, 641 (2009). "A mitigating circumstance is 'a fact or situation that does not bear on the question of the defendant's guilt, but that is considered by the court in imposing punishment, esp. in lessening the severity of a sentence.'" *Wilson*, 54 Va. App. at 641 (quoting *Black's Law Dictionary* 260 (8th ed. 2004)).

Considering the facts and circumstances, we find no abuse of discretion in the trial court's decision to deny Howard's motion for modification under Code § 19.2-303. Therefore, we do not disturb the trial court's sentencing decision.

- 4 -

II.

Howard also contends that the trial court improperly sentenced him to supervised probation for life, in violation of Code § 19.2-303.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). If a party fails to timely and specifically object, he waives his argument on appeal. *Arrington v. Commonwealth*, 53 Va. App. 635, 641 (2009).

Here, Howard did not argue, as he does on appeal, that the trial court exceeded its statutory authority by imposing probation for life. "Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial." *Bethea*, 297 Va. at 743. "Consequently, neither an appellant nor an appellate court should 'put a different twist on a question that is at odds with the question presented to the trial court.'" *Id.* at 744 (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)). "[M]aking one specific argument on an issue does not preserve a separate legal point on the same issue for [appellate] review." *Hicks v. Commonwealth*, 71 Va. App. 255, 266 (2019) (second alteration in original) (quoting *Johnson v. Commonwealth*, 58 Va. App. 625, 637 (2011)).

Howard failed to preserve his argument for appeal.[2]  He does not invoke the good cause or ends of justice exceptions to Rule 5A:18, and the Court will not apply the exceptions sua sponte.  *Edwards v. Commonwealth,* 41 Va. App. 752, 761 (2003) (en banc).  Accordingly, Rule 5A:18 bars our consideration of this argument on appeal.

## CONCLUSION

The trial court did not abuse its discretion in sentencing Howard.  It considered all relevant factors and sentenced Howard within the statutory range set forth by the legislature.  We will not disturb this sentence on appeal.  Furthermore, Howard failed to preserve his argument regarding his sentence of probation for life.  Thus, Rule 5A:18 bars our consideration of his second argument.  For these reasons, we affirm the trial court's sentencing decision.

*Affirmed.*

---

[2] Even if Howard's argument were not procedurally barred, the limitation on a probation period was not adopted until after his crimes were committed.  Thus, the ends of justice is not available to him, even if it were properly raised.