COURT OF APPEALS OF VIRGINIA

Present:   Judges Fulton, Ortiz and Raphael

CORNELL ULYSSES SMITH, JR.

v.      Record No. 0750-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
MAY 17, 2022

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Joel P. Crowe, Judge

(W. McMillan Powers, Assistant Public Defender, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Jason D. Reed, Assistant
Attorney General, on brief), for appellee.


Cornell Ulysses Smith, Jr. appeals from the decision of the Circuit Court of the City of

Portsmouth revoking his previously suspended sentence and imposing an active sentence.

Appellant contends that the trial court abused its discretion by revoking his remaining suspended

sentence, resuspending six months of the sentence, and ordering him to complete six months of

supervised probation.  After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit."  Code

§ 17.1-403(ii)(a); Rule 5A:27(a).  We affirm the decision of the trial court.

BACKGROUND

On September 24, 2018, the trial court convicted appellant, upon a guilty plea, of failing to

register as a sex offender, second offense.  The trial court sentenced appellant to two years of

imprisonment with one year and three months suspended.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On April 10, 2020, appellant's probation officer filed a major violation report alleging that appellant had tested positive for drugs, admitted selling drugs to support himself, and failed to register for and complete substance abuse treatment as ordered by the officer. In addition, appellant was arrested on February 27, 2020, for conspiracy to shoplift more than $500 worth of merchandise. A May 5, 2020 addendum to the report stated that appellant violated the requirement that he wear a GPS monitoring device; appellant deliberately let the device's battery die so that he could not be tracked, as was required due to his prior conviction for failing to register as a sex offender. Appellant absconded from probation supervision, and his whereabouts were then unknown.

At the June 29, 2021 revocation hearing, appellant admitted that he had violated the conditions of his probation and his probation officer testified about the contents of the major violation report and its addendum. In his defense, appellant claimed that he was unable to participate in substance abuse treatment because of safety precautions imposed during the Covid-19 pandemic. Both the prosecutor and the defense argued that an active sentence of six months was appropriate under the circumstances. The trial court, however, found appellant in violation of his probation, revoked the suspension of his remaining one-year and three-month sentence, and resuspended six months, resulting in a nine-month active sentence. The trial court also imposed a six-month period of probation. This appeal followed.

ANALYSIS

Appellant argues that the trial court abused its discretion, after finding him in violation of his probation, by imposing a nine-month active sentence and six months of probation.[1] After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court

_____

[1] Appellant's assignment of error states that the trial court erred in revoking his remaining suspended sentence of one-year and six-months. As previously noted, however, the record reflects that the trial court found appellant in violation of his probation, revoked the suspension of his remaining one-year and *three-month* sentence, resuspended six months, and imposed a six-month period of probation.

- 2 -

deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part." *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

Appellant does not contend that the trial court did not have sufficient cause to revoke his suspended sentence. Rather, he argues that "[t]he sentence imposed was more than what was necessary to punish [him] appropriately." Appellant maintains that "[t]he court should have suspended all of the active time reimposed on [him] and imposed less probationary time."

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). By continuing to disregard the terms of his suspended sentence, appellant demonstrated that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Appellant failed to make productive use of the grace that had been extended to him.

Under the operative terms of the revocation statute in effect when the trial court considered appellant's violation, once it found that appellant had violated the terms of the suspension, the trial court was obligated to revoke the suspended sentence and it was in "full

- 3 -

force and effect." Code § 19.2-306(C)(ii).[2] The trial court was permitted—but not required—to resuspend all or part of the sentence. *Id.*; *Alsberry*, 39 Va. App. at 320.

The uncontroverted evidence established that appellant violated the conditions of his probation by using and selling drugs, absconding from supervision, and failing to obtain substance abuse treatment. It was within the trial court's purview to weigh any mitigating factors appellant presented, such as the challenges in obtaining substance abuse treatment under pandemic safety restrictions. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The record establishes that the trial court had sufficient cause to revoke appellant's suspended sentence. Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of discretion. *See Alsberry*, 39 Va. App. at 321-22 (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

Moreover, to the extent appellant argues that his sentence was disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

---

[2] Code § 19.2-306(C) was amended effective July 1, 2021, and no longer requires the trial court to revoke the sentence. 2021 Va. Acts (Sp. Sess. I) ch. 538.

## CONCLUSION

For the foregoing reasons, the trial court's decision is affirmed.

*Affirmed.*