COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, O'Brien and Russell[*]


JUSTIN LAVAR NUNLEY

MEMORANDUM OPINION[**]

v.      Record No. 1042-21-1
PER CURIAM
JULY 19, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Kenneth R. Melvin, Judge

(William McMillan Powers, Assistant Public Defender, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Susan Brock Wosk, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.


Justin Lavar Nunley, appellant, challenges the judgment of the trial court revoking his

previously suspended sentences and ordering him to serve one year and six months of the

previously suspended sentences. He contends the imposed sentence was "more than what was

necessary to punish [him] appropriately." After examining the briefs and record in this case, the

panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). And because the trial court did not

abuse its discretion in setting appellant's sentence, this Court affirms appellant's sentence.

---

[*] Justice Russell participated in the decision of this case prior to his investiture as a
Justice of the Supreme Court of Virginia.

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

In 2005, the trial court convicted appellant of robbery and two counts of burglary. The trial court imposed concurrent twenty-year sentences for each conviction, with fourteen years suspended conditioned upon fourteen years of supervised probation. Appellant's previously suspended sentences were revoked and resuspended, in part, in 2013, 2015, and 2019. Appellant returned to supervised probation on December 10, 2020.

In January 2021, appellant's probation officer, Emily Hitzler, reported that appellant had been charged with new offenses and had failed to report to probation upon his release. By addendum filed March 10, 2021, Hitzler reported that appellant had been convicted of providing false identification to law enforcement.

At the revocation hearing, Hitzler testified that appellant was returned to supervised probation on December 10, 2020, but he never reported for intake despite her repeated efforts to contact him. Appellant was arrested on new charges on January 12, 2021, and had since pled guilty to providing false identification to law enforcement.[1]

Appellant did not dispute he had violated the terms and conditions of his previously suspended sentences. He admitted he did not report or contact his probation officer but nonetheless claimed he went to the probation office and was turned away because he had "the virus." Appellant stated he was eager to obtain treatment for his addiction to heroin and fentanyl because he was "tired of stealing to get high." So, he asked the trial court to order him to treatment because an active sentence would not address his addiction and he would continue to use drugs without treatment. Based on appellant's concession and the evidence, the trial court found that appellant had violated the terms and conditions of his previously suspended sentences.

---

[1] In addition, Hitzler testified that appellant had been charged in a neighboring jurisdiction with identity theft, larceny, and avoiding arrest. Those charges remained pending when the parties appeared for the revocation hearing.

In arguing an appropriate sentence, the Commonwealth stressed that appellant had never started his term of probation. It acknowledged that appellant was incarcerated for another offense, but it contended that appellant disregarded his opportunity to start probation after he was released from "his previous violation of probation." The Commonwealth asked the trial court to impose an active sentence "in accordance with the guidelines."[2]

Appellant asked the trial court to consider alternatives to an active sentence. He argued that the root cause of his criminal behavior was his drug addiction and stressed his need for treatment. Appellant asked the trial court to consider his drug addiction and acceptance of responsibility when fashioning his sentence.

Before pronouncing sentence, the trial court noted that appellant's failure to report for probation was a "very, very serious matter." The trial court found that appellant's complete failure to cooperate with probation was "an affront" to the court. The trial court revoked the suspended sentences and imposed a sentence of ten years on each of the three counts, with eight years and six months suspended on each count, to run concurrently, leaving one year and six months to serve.

This appeal followed.

ANALYSIS

Appellant challenges the duration of the sentence the trial court imposed after finding him in violation of his probation. He argues "[t]he sentence imposed was more than what was necessary to punish [him] appropriately" and maintains the trial court "should have suspended all of the active time reimposed on [him] and allowed [him] to obtain" substance abuse treatment. But because appellant cannot show the trial court's judgment amounted to an abuse of discretion, this Court finds no reversible error in that judgment.

---

[2] The discretionary sentencing guidelines suggested a sentencing range of one year incarceration to one year and six months' incarceration.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part." *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

Appellant conceded he had violated the terms and conditions of his previously suspended sentences. Thus, the record establishes that the trial court had sufficient cause to revoke appellant's suspended sentences. Under the operative terms of the revocation statute in effect when the revocation proceedings were instituted in the trial court, once the court found that appellant had violated the terms of the suspension, the trial court was required to revoke the suspended sentences. Code § 19.2-306(C)(ii).[3] The trial court was then permitted—but not required—to resuspend all or part of the sentences. *Id.*; *Alsberry*, 39 Va. App. at 320.

In determining whether to resuspend appellant's sentences, it was within the trial court's purview to weigh any mitigating factors appellant presented, such as his need for substance abuse treatment. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable

---

[3] Code § 19.2-306(C) was amended, effective July 1, 2021, and no longer requires the trial court to revoke the sentence. 2021 Va. Acts Spec. Sess. I ch. 538. Even under the new revocations sentencing provisions, however, when the trial court finds "that the defendant was convicted of a criminal offense that was committed after the date of suspension . . . the court may revoke the suspended sentence and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).

tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)).

Appellant was convicted of a new criminal offense, which he committed within a very short time after his most recent release from incarceration on a prior revocation. In fact, that offense was appellant's fourth probation violation on the instant convictions. Moreover, appellant failed to report for probation intake following his release from incarceration. Considering appellant's history, the trial court reasonably could conclude that he was not amenable to drug rehabilitation. The record demonstrates that appellant failed to make productive use of the grace that had been extended to him previously. Accordingly, the sentence the trial court imposed represents a proper exercise of its discretion. *See Alsberry*, 39 Va. App. at 321-22 (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

Moreover, to the extent appellant argues his sentence was disproportionate, this Court finds that argument to be without merit because it will not engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). This Court therefore leaves the trial court's sentencing judgment undisturbed.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*