COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia

TONY P. MERRITT, S/K/A
 TONY PATRICK MERRITT
                                          OPINION BY
v.    Record No. 0487-99-2         JUDGE JERE M. H. WILLIS, JR.
                                          MAY 23, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF LOUISA COUNTY
                    Lloyd C. Sullenberger, Judge

          John R. Maus for appellant.

          Eugene Murphy, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     On appeal from his conviction of grand larceny by receiving

stolen property, in violation of Code § 18.2-108, Tony P.

Merritt contends that the trial court erred in denying his

motion in limine to prohibit the Commonwealth from introducing

at his sentencing hearing evidence of his prior probation

violations.  Because probation violations are a part of the

sentencing process and, thus, are part of the record of criminal

convictions, we affirm the judgment of the trial court.

     A jury found Merritt guilty of grand larceny by receiving

stolen property, in violation of Code § 18.2-108.  Merritt moved

the trial court to prohibit the Commonwealth from introducing

evidence of his probation violations resulting from previous

convictions.  The trial court denied the motion, and the Commonwealth presented evidence that Merritt had violated the conditions of probation on four prior occasions.

Code § 19.2-295.1 provides, in relevant part:

> In cases of trial by jury, upon a finding that the defendant is guilty of a felony, a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury. At such proceeding, the Commonwealth shall present the defendant's prior criminal convictions by certified, attested or exemplified copies of the record of conviction, including adult convictions and juvenile convictions and adjudications of delinquency.  Prior convictions shall include convictions and adjudications of delinquency under the laws of any state, the District of Columbia, the United States or its territories.

Merritt contends that probation violations are not "criminal convictions" and, therefore, evidence of such is inadmissible at the sentencing phase of trial.  By statute, evidence of the defendant's record of prior criminal convictions is admissible at sentencing.  Evidence of the sentences imposed on those convictions is also admissible.  See Gilliam v. Commonwealth, 21 Va. App. 519, 523-24, 465 S.E.2d 592, 594 (1996).  "The sentence reflects the gravity of the offense and the defendant's propensity for violence."  Id.  Revocation of probation is merely a modification of the sentence.  See Ralston v. Robinson, 454 U.S. 201, 220 n.14 (1981).  A probation

-

violation, therefore, is an aspect of the sentencing process imposed upon a criminal conviction.

> This rationale serves the declared purposes of punishment for criminal conduct. "[T]he sentencing decision . . . is a quest for a sentence that best effectuates the criminal justice system's goals of deterrence (general and specific), incapacitation, retribution and rehabilitation." United States v. Morris, 837 F. Supp. 726, 729 (E.D. Va. 1993); see also Wilborn v. Saunders, 170 Va. 153, 160, 195 S.E. 723, 726 (1938); Nuckoles v. Commonwealth, 12 Va. App. 1083, 1086, 407 S.E.2d 355, 356 (1991). Manifestly, the prior criminal convictions of a felon, including previous efforts to punish and rehabilitate, "'bear upon a tendency to commit offenses, the probabilities of rehabilitation, and similar factors'" indispensable to the determination of an appropriate sentence. Thomas v. Commonwealth, 18 Va. App. 656, 659, 446 S.E.2d 469, 472 (1994) (quoting Eaton v. United States, 458 F.2d 704, 708 (7th Cir.), cert. denied, 409 U.S. 880, 93 S. Ct. 208, 34 L.Ed.2d 135 (1972)).

Gilliam, 21 Va. App. at 524, 465 S.E.2d at 594-95.

A probation violation is not itself a criminal conviction. It is, however, a continuation and part of the sentencing process imposed for a criminal conviction and is, thus, admissible as part of the sentence imposed for the prior conviction. Thus, the trial court correctly denied Merritt's motion in limine.

The judgment of the trial court is affirmed.

Affirmed.

-