COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


TIMOTHY ALAN PEARSON, SR.

                                              OPINION BY
v.    Record No. 2233-00-2              JUDGE LARRY G. ELDER
                                            MARCH 5, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    Michael C. Allen, Judge

          William B. Bray (Perry & Bray, on brief), for
          appellant.

          Jennifer R. Franklin, Assistant Attorney
          General (Mark L. Earley, Attorney General;
          Shelly R. James, Assistant Attorney General,
          on brief), for appellee.


     Timothy A. Pearson, Sr. (appellant) appeals from an order

revoking a portion of his previously suspended sentence for a

statutory burglary conviction.[1]  On appeal, he contends the court

erroneously allowed the Commonwealth's attorney to cross-examine

appellant's fiancée about her knowledge of his prior record and

erroneously admitted that prior record into evidence.  We

disagree and affirm the court's revocation of four years of

appellant's suspended sentence.

---

     [1] Jurisdiction over the appeal of an order revoking a
previously suspended sentence "lies within the Court of Appeals'
jurisdiction under Code § 17.1-406(A)."  Green v. Commonwealth,
___ Va. ___, ___, 557 S.E.2d 230, ___ (2002).

I.

BACKGROUND

In 1997, appellant was convicted of two counts of statutory burglary and two counts of grand larceny. The circuit court sentenced appellant to serve five years for each of the burglary convictions and twelve months for each of the larceny convictions. Conditioned upon appellant's good behavior for twenty years, the court suspended the sentences for both grand larceny convictions, and it suspended four years for one of the burglary convictions and four years six months for the other burglary conviction.

On April 6, 2000, appellant was convicted for misdemeanor distribution of marijuana. Based on that conviction, the circuit court issued an order to appellant to show cause as to "why the suspended sentences previously imposed should not be revoked."

At the show cause hearing, the Commonwealth introduced a certified copy of the marijuana distribution conviction and rested. Appellant then introduced a letter indicating he had entered a drug treatment program, and he offered the testimony of his fiancée, Jennifer Marshall. Marshall testified on direct examination that she had known appellant for over two years, that he was gainfully employed and helped support her and her son, as well as his own three children, and that he was like a father to her son, whom he planned to adopt.

On cross-examination, the Commonwealth asked Marshall, without objection, whether appellant was truthful with her, and she responded, "Yes." The Commonwealth then asked Marshall, over appellant's objection, whether appellant had told her about each of his multiple previous convictions. Appellant argued that the Commonwealth's line of questioning was "not impeachment. [Appellant] is not testifying to be impeached. The Commonwealth has the evidence. I think they can get it out some way perhaps, but this witness may not, it may not be proper foundation for her to say exactly what his record may be." The court responded, "Well, the question is whether he confided that or acknowledged that to her. I'll allow it."

Marshall testified that she was not aware of appellant's 1986 conviction for misdemeanor larceny or his 1987 convictions for contributing to the delinquency of a minor, grand larceny and merchandise concealment. She testified that she was aware of his 1990 convictions for carrying a concealed weapon; his 1992 conviction for grand larceny; assault; his 1994 conviction for felony concealment; his 1995 convictions for two counts of domestic assault and one count of contributing to the delinquency of a minor; his 1996 conviction for assault and battery; and his 1997 conviction for grand larceny. She indicated that the domestic and other assault convictions did not involve her.

The Commonwealth's attorney offered into evidence, over appellant's objection, "a copy of the defendant's presentence report which has all the prior convictions that were alluded to in cross-examination."  Appellant argued, "[W]e're here on the show cause that relates to a specific violation, and I think that is the matter before the Court, not his entire history."  The trial court ruled that appellant's prior record was relevant and allowed it into evidence.  Appellant was allowed to review the report for accuracy and indicated that he had "no further objection to it."

In argument, appellant averred that "all of that record, except for something of no disposition, shows what occurred before [appellant] was sentenced on the burglary and grand larceny charges that are the subject of this show cause."  The Commonwealth's attorney argued as follows:

> Judge, obviously [appellant's] counsel fights to have [appellant's] record kept out, but obviously the Court has to take that into account at this point in time. His convictions run all over the gamut; Domestic assault, other assaults, contributing charges, drug charges, larceny charges, B&E charges.  And, Judge, this is the kind of person that needs to be locked up, because, apparently, for the last 14 years he's decided that all he's going to do is commit crimes.  He has two more charges pending in Powhatan, one of them a felony. . . .  [W]e would ask the Court to impose a sentence of five years for the violation.

The trial court observed that "in the original sentencing order the Court must have taken into account [appellant's] previous record" but held "it's relevant here [also]. The bottom line is that I have before me a demonstration of someone who, for whatever reason, has been [un]able to comport his behavior with the law, and . . . the Court has no choice but to revoke a significant period of [appellant's] suspended sentence." The trial court then revoked the four-year suspended sentence for burglary and re-suspended the time on the remaining three 1997 convictions.

## II.

## ANALYSIS

"A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306." Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991). It may do so "for any cause deemed by it sufficient which occurred at any time within the probation period, or if none, within the period of suspension fixed by the court, or if neither, within the maximum period for which the defendant might originally have been sentenced to be imprisoned." Code § 19.2-306. "The court's . . . judgment will not be reversed unless there is a clear showing of abuse of discretion." Davis, 12 Va. App. at 86, 402 S.E.2d at 687.

"[I]n revocation hearings 'formal procedures and rules of evidence are not employed,'" id. at 84, 402 S.E.2d at 686

(quoting Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S. Ct. 1756, 1759, 36 L. Ed. 2d 656 (1973)), and "the process of revocation hearings 'should be flexible enough to consider evidence . . . that would not be admissible in an adversary criminal trial,'" id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604, 33 L. Ed. 2d 484 (1972)).

"By statute, evidence of [a] defendant's record of prior criminal convictions is admissible at sentencing. Evidence of the sentences imposed on those convictions is also admissible." Merritt v. Commonwealth, 32 Va. App. 506, 508, 528 S.E.2d 743, 744 (2000). Because "[r]evocation of probation is merely a modification of the sentence," id., evidence of a probation violation is "admissible [in a sentencing hearing] as part of the sentence imposed for the prior conviction," id. at 509, 528 S.E.2d at 744. "'This rationale serves the declared purposes of punishment for criminal conduct. "[T]he sentencing decision . . . is a quest for a sentence that best effectuates the criminal justice system's goals of deterrence (general and specific), incapacitation, retribution and rehabilitation."'" Id. at 508, 528 S.E.2d at 744 (quoting Gilliam v. Commonwealth, 21 Va. App. 519, 524, 465 S.E.2d 592, 594-95 (1996) (quoting United States v. Morris, 837 F. Supp. 726, 729 (E.D. Va. 1993))). Because revocation of probation is "a continuation and part of the sentencing process," id., it follows that evidence

of a defendant's prior criminal convictions is also relevant and admissible in revocation proceedings.

Here, appellant's criminal history did not provide a basis for revocation of the suspension because none of the offenses contained therein occurred "within the probation period," "within the period of suspension fixed by the court," or "within the maximum period for which the defendant might originally have been sentenced to be imprisoned." Code § 19.2-306. However, the marijuana distribution offense for which appellant was convicted on April 6, 2000, occurred during the period of suspension and, thus, did provide a basis for revocation. Appellant's entire criminal history was relevant to the court's determination of the appropriate "sentence" for that violation, i.e., how much of the suspension to revoke. Therefore, appellant's past criminal record was properly admitted for consideration in the instant probation revocation proceeding, regardless of whether the court considered appellant's record when it originally sentenced him for the burglary offense. Appellant's criminal history was as relevant in determining how much of the suspended sentence to impose as it was in determining the original sentence and suspension.

In addition, appellant's fiancée testified at the revocation hearing that appellant was a good parent and de facto stepparent. The Commonwealth's cross-examination of Marshall concerning her knowledge of appellant's extensive criminal past

explored the nature of the relationship between the witness and appellant and whether appellant had been forthcoming with her concerning his past. Assuming without deciding it was error to allow the Commonwealth to cross-examine Marshall about appellant's prior criminal convictions without laying a proper foundation, the subsequent proper admission of evidence of these convictions through an earlier presentence report rendered any error harmless. See e.g. Hooker v. Commonwealth, 14 Va. App. 454, 457-58, 418 S.E.2d 343, 345-46 (1992). Accordingly, the trial court did not abuse its discretion in admitting into evidence appellant's prior criminal record, and the trial court's allowing the Commonwealth to cross-examine Marshall concerning her knowledge of appellant's criminal history, if error, was harmless.

In sum, appellant has failed to demonstrate that the trial court abused its discretion in revoking the suspended sentence. The evidence is uncontroverted that appellant violated the conditions of suspension by committing a misdemeanor offense. Thus, the record establishes that the court had sufficient cause to revoke the suspension of the remaining four years of appellant's sentence for statutory burglary.

For these reasons, we affirm the ruling of the trial court.

Affirmed.