COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Bumgardner and Clements
Argued at Richmond, Virginia


THOMAS HORACE ALSBERRY
                                            OPINION BY
v.   Record No. 0826-01-4      JUDGE JEAN HARRISON CLEMENTS
                                         DECEMBER 3, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
                    Dennis L. Hupp, Judge

          S. Jane Chittom, Appellate Defender (Public
          Defender Commission, on brief), for
          appellant.

          Eugene Murphy, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     Thomas Horace Alsberry appeals from a judgment of the trial

court revoking his previously suspended sentence.  On appeal, he

contends the trial court erred (1) in refusing his request for a

mental evaluation prior to sentencing him for his probation

violation and (2) in imposing all of his previously suspended

sentence, in excess of twenty-four years, for two misdemeanor

probation violations.  Finding no error, we affirm the judgment of

the trial court.

     On January 12, 1995, Alsberry was convicted of animate object

sexual penetration and three counts of breaking and entering.  He

was sentenced to thirty years' imprisonment, with twenty-five of

those years suspended on the condition he successfully complete

five years of supervised probation upon his release.[1]  In October of 1997, Alsberry was released from incarceration and placed on probation.

On May 27, 1998, Alsberry was found to have violated his probation for failing to maintain his registration as a sex offender and was ordered to serve an additional six months of the previously suspended sentence.  On June 9, 1999, Alsberry was again found to be in violation of his probation for "hiding out in the nurses' locker room of the hospital."  He was consequently required to serve an additional twelve months of the earlier suspended sentence.  On November 15, 2000, Alsberry was found to have violated his probation for failing to maintain a stable residence.  He was released with credit given against the suspended sentence of fifteen days for time served.

On January 19, 2001, Alsberry was arrested and charged with misdemeanor destruction of private property and "being a Peeping Tom."  The general district court convicted him of those offenses and sentenced him to serve twelve months and thirty days in jail.

Following his arrest on those charges, the Commonwealth commenced the present probation revocation proceedings in the circuit court.  After the presentation of evidence at the revocation hearing on March 1, 2001, Alsberry's attorney "ask[ed]

---

[1] Alsberry was sentenced to ten years for his conviction of animate object sexual penetration.  The five years served were for this offense.

-

the court for a psychological evaluation [of Alsberry], and an opportunity to place Mr. Alsberry back on probation." Finding Alsberry had violated his probation, the trial court revoked his probation and ordered him to serve the entire balance of his previously suspended sentence, a total of twenty-four years and five and one-half months.

On appeal, Alsberry contends the decision whether to order a mental evaluation before sentencing pursuant to Code § 19.2-300 is not discretionary. Because his animate object penetration conviction, one of the convictions for which he was originally sentenced, and his "Peeping Tom" conviction, upon which his probation revocation was partly based, were both convictions indicating sexual abnormality, he was explicitly entitled, he argues, to an evaluation. Therefore, he contends, the trial court erred, as a matter of law, in refusing his request for a mental evaluation before sentencing him for his probation violation.

"[A] trial court 'by definition abuses its discretion when it makes an error of law.'" Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)). "In determining whether the trial court made an error of law, 'we review the trial court's statutory interpretations and legal conclusions de novo.'" Rollins v. Commonwealth, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001) (quoting Timbers v Commonwealth, 28 Va. App. 187, 193, 503 S.E.2d 233, 236 (1998)).

-

Code § 19.2-300 provides as follows:

> In the case of the conviction in any
> circuit court of any person for any criminal
> offense which indicates sexual abnormality,
> the trial judge may on his own initiative, or
> shall upon application of the attorney for
> the Commonwealth, the defendant, or counsel
> for the defendant or other person acting for
> the defendant, defer sentence until the
> report of a mental examination conducted as
> provided in § 19.2-301 of the defendant can
> be secured to guide the judge in determining
> what disposition shall be made of the
> defendant.[2]

Accordingly, Alsberry is correct in asserting the decision
to order a mental examination under Code § 19.2-300 is not
discretionary when a defendant who has been convicted of an
offense indicating sexual abnormality requests such an evaluation
prior to sentencing for that conviction. See Simerly v.
Commonwealth, 29 Va. App. 710, 717, 514 S.E.2d 387, 391 (1999).
However, we do not agree with Alsberry that the trial court was
required to order a mental examination before revoking the
suspended portion of his previously imposed sentence for violating
the terms of his probation.

Although a probation revocation hearing is a criminal
proceeding, it is not "a stage of a criminal prosecution." Green
v. Commonwealth, 263 Va. 191, 195-96, 557 S.E.2d 230, 233 (2002).

---

[2] The Commonwealth does not contest Alsberry's claim that
his "Peeping Tom" and animate object sexual penetration
convictions indicate sexual abnormality. Thus, for purposes of
this appeal, we will assume, without deciding, that both
offenses fall within Code § 19.2-300's purview.

-

Likewise, "[a] probation violation is not itself a criminal conviction." Merritt v. Commonwealth, 32 Va. App. 506, 509, 528 S.E.2d 743, 744 (2000). Rather, a "[r]evocation of probation is merely a modification of the sentence" imposed for a prior conviction. Id. at 508, 528 S.E.2d at 744. Hence, the issue at a revocation proceeding is not what sentence to impose upon the defendant for his prior criminal conviction, but whether to continue all or any portion of a previously imposed and suspended sentence due to the defendant's failure to abide by the terms of his probation.

Here, Alsberry was convicted on January 12, 1995, of several criminal offenses, including animate object sexual penetration. For those crimes, he was sentenced to thirty years' imprisonment, twenty-five years of which were suspended. On March 1, 2001, having found Alsberry to be in violation of the terms and conditions of his probation, based in part on his "Peeping Tom" conviction, the trial court revoked Alsberry's suspended sentence and ordered him to serve the remainder of his original sentence.

Accordingly, in revoking the previously suspended sentence and ordering Alsberry to serve the balance of that sentence, the trial court was not sentencing him on the animate object sexual penetration or "Peeping Tom" convictions. The sentences for those convictions had already been imposed pursuant to the respective criminal prosecutions of those offenses. Rather, the trial court was merely "modifying" the sentence previously imposed on Alsberry

-

for his 1995 convictions.  Thus, the trial court was not required under Code § 19.2-300 to grant Alsberry's request for a mental examination before revoking his suspended sentence due to the probation violation.  We hold, therefore, that the trial court did not err, as a matter of law, in refusing to order a mental examination.

Alsberry also contends, in the alternative, that, given the circumstances of this case, the trial court's refusal to order a mental examination constituted an abuse of discretion.  We disagree.

In discussing, in Simerly, the underlying purpose of Code § 19.2-300, we quoted from a report to the governor and legislature which stated that "'[t]he hope . . . of reducing the number of serious sex crimes lies in a proper psychiatric screening of the potential criminal at the stage where abnormal behavior first comes to light.'"  29 Va. App. at 715 n.2, 514 S.E.2d at 390 n.2 (emphasis added) (quoting Commission to Study Sex Offenses, The Sex Offender and the Criminal Law, S. 18, at 6 (1951)).  In this case, Alsberry had the opportunity to request a mental examination pursuant to Code § 19.2-300 prior to his sentencing in 1995 for the animate object sexual penetration conviction, but did not.  We find nothing in the record that convinces us that the trial court abused its discretion in denying Alsberry's psychological evaluation request, which was made during the hearing on his fourth probation violation, more than six years

-

after Alsberry's abnormal behavior first came to light and the original sentence was imposed.

Alsberry also contends the trial court abused its discretion in imposing all of his previously suspended sentence for two misdemeanor probation violations.[3]  Again, we disagree.

When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part.  Russnak v. Commonwealth, 10 Va. App. 317, 321, 392 S.E.2d 491, 493 (1990).  "A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306, which allows a court to do so 'for any cause deemed by it sufficient.'"  Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 686 (1991).

> "The cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause.  The sufficiency of the evidence to sustain an order of revocation 'is a matter within the sound discretion of the trial court.  Its findings of fact and judgment thereon are reversible only upon a clear showing of abuse of discretion.'  The discretion required is a judicial discretion, the exercise of which 'implies conscientious judgment, not arbitrary action.'"

Hamilton v. Commonwealth, 217 Va. 325, 327, 228 S.E.2d 555, 556 (1976) (quoting Marshall v. Commonwealth, 202 Va. 217, 220, 116

---

[3] Alsberry does not challenge the sufficiency of the evidence to sustain the order of revocation.  He challenges only the extent of punishment imposed.

-

S.E.2d 270, 273, (1960) (quoting Slayton v. Commonwealth, 185 Va. 357, 367, 38 S.E.2d 479, 484 (1946))).

We are further mindful that, when a defendant violates the terms of his probation, "the act of grace in granting probation in the first place is rendered a nullity." Rease v. Commonwealth, 227 Va. 289, 294-95, 316 S.E.2d 148, 151 (1984). Thus, upon revocation of the suspended sentence, the defendant is punished in accordance with a previously imposed sentence not for the conduct prompting the revocation but for his commission of the original crime. See United States v. Woodrup, 86 F.3d 359, 362 (4th Cir. 1996).

Here, the evidence is uncontroverted that Alsberry violated the conditions of his probation on January 19, 2001, by committing the misdemeanor destruction of private property and "Peeping Tom" offenses. It was Alsberry's fourth violation of probation in less than four years. His other violations included failure to maintain his registration as a sex offender and hiding in the nurses' locker room at a hospital.

Moreover, there is no question that the original offenses of animate object sexual penetration and three counts of breaking and entering warranted the sentence previously imposed for those convictions. Furthermore, Alsberry's probation officer testified at the revocation hearing that, on the evening before the January 19, 2001 offenses, Alsberry left counseling "in a very agitated state," commenting that, "if anybody was to accuse

-

him of being a sex-offender, . . . he would kill them."

According to the probation officer, Alsberry was in "an

activated state, which means that he [was] on the verge of

re-offending."  The probation officer further testified that,

after the charges had been placed, "Mr. Alsberry was activated

and, as a consequence, was very dangerous."

    The trial judge, in rendering his decision, reviewed

Alsberry's entire criminal record, including two prior

convictions for indecent exposure.  After conducting that

review, the trial judge told Alsberry:

> I have told you repeatedly during this
> process that you worry me.  You worry me
> because of your prior sexual misconduct, and
> the continuing sexual misconduct that I see.
> Well, I am not going to worry about you
> [anymore].  I am going to put you where I
> don't have to worry about you.

The trial court then revoked Alsberry's suspended sentence and

ordered him to serve the entire previously imposed sentence.

    Upon our review of the record, we conclude the trial court

had sufficient cause to revoke Alsberry's suspended sentence.

Despite the trial court's numerous efforts to allow him the

opportunity to avoid serving the previously imposed sentence for

the serious 1995 offenses by simply behaving properly, Alsberry

failed to do so.  Thus, in light of the grievous nature of

Alsberry's 1995 offenses and his continuing criminal activity,

-

we hold the trial court did not abuse its discretion in imposing the previously suspended sentence in its entirety.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk