COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Causey and Friedman

RANDY LEE HARRIS, JR.

                                                        MEMORANDUM OPINION[*]
v.        Record No. 0390-22-1                          PER CURIAM
                                                        JUNE 27, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John R. Doyle, III, Judge

(Trevor Jared Robinson, on brief), for appellant.

(Jason S. Miyares, Attorney General; Lindsay M. Brooker, Assistant
Attorney General, on brief), for appellee.


In May 2016, Randy Lee Harris, Jr., pled guilty under a written plea agreement to statutory

burglary with the intent to commit larceny, attempted grand larceny, and failure to appear. In

accordance with the plea agreement, the Circuit Court of the City of Norfolk sentenced him to

twelve years of incarceration with ten years and six months suspended, with a five-year term of

supervised probation to begin upon his release. In January 2020, the trial court found that Harris

had violated the conditions of his probation. In November 2021, the trial court revoked Harris's

previously suspended sentences, reimposed those sentences, and resuspended six years and six

months, giving Harris an active sentence of four years. On appeal, Harris contends that the trial

court abused its discretion by imposing a four-year prison sentence.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, we affirm.

BACKGROUND

Harris's five-year term of supervised probation began on May 30, 2017. On September 13, 2019, Harris's probation officer submitted a major violation report (MVR) alleging that Harris had failed to report for random drug screens on multiple occasions and twice tested positive for amphetamines. The MVR also noted that on July 3, 2019, Harris had been arrested in Norfolk and charged with grand larceny and statutory burglary.

At the revocation hearing on January 6, 2020, Harris admitted violating the terms of his supervised probation. The trial court adjudged Harris in violation and set the sentencing hearing for September 25, 2020. The trial court released Harris on bond on April 29, 2020. Following a multi-day bench trial based on the July 2019 arrest, in August 2020, the trial court convicted Harris of burglary, grand larceny, and destruction of property. The trial court continued Harris's bond. The trial court held a joint sentencing and revocation hearing on September 25, 2020; however, the trial court continued the hearing and issued a *capias* after Harris absconded during the proceeding. Harris remained at large until he was arrested on February 2, 2021.

On March 24, 2021, the probation officer submitted an addendum to the MVR alleging that, on March 16, 2021, Harris had been convicted in the City of Chesapeake General District Court of identity theft, providing a false identification to law enforcement, and obstruction, offenses committed during his February 2 arrest.

On November 12, 2021, the trial court resumed the joint sentencing and revocation hearing.[1] The trial court heard testimony from the victim of the 2020 convictions and considered proffered information that Harris had completed a drug counseling and treatment program while in jail and worked in the jail kitchen. The Commonwealth asked the trial court to impose a combined active sentence of at least six years for the new convictions and the probation violation. Defense counsel asserted that Harris's convictions were related to his drug problem.[2] He asked the trial court to impose a sentence at the low end of the guidelines, which ranged from one year, three months to four years, and to run the sentence concurrently with the sentence imposed on the new 2020 convictions. In his allocution, Harris admitted that he had used drugs but denied committing the crimes underlying the 2020 convictions.

The trial court acknowledged Harris's drug abuse problem but stated it did not excuse or mitigate Harris's committing the new burglary and grand larceny offenses. The trial court sentenced Harris to six years of incarceration with three years suspended for the 2020 convictions and six months of incarceration for the misdemeanor failure to appear conviction arising from Harris's flight from his September 2020 sentencing.

Having previously found that Harris violated the terms of his supervised probation, the trial court revoked Harris's previously suspended sentences of ten years and six months. The court reimposed and resuspended six years and six months and ordered that Harris serve the remaining four years on the 2016 burglary conviction. The court noted that the sentence was at the high end of

---

[1] In July 2021, the trial court had ordered that Harris be evaluated for the Community Corrections Alternative Program (CCAP). Because the evaluation had not been completed at the time of the hearing, the trial court directed the parties to argue their positions as if Harris had been approved for CCAP. Harris was later approved for CCAP.

[2] Harris was represented at the hearing by one attorney on his new convictions and another attorney on his probation violations. Both attorneys argued that Harris had a drug problem.

the guidelines but stated that to commit another burglary while on probation for burglary "require[d] a firm response" as it was "a very severe violation of the terms of his good behavior." The trial court denied Harris's motion to run the revocation sentence concurrently with the sentence for the 2020 convictions. The trial court further explained that even if Harris "was accepted to the CCAP," the court considered that program inappropriate based on Harris's criminal history, performance on supervised probation, and the fact that he previously "absconded from submitting himself to the judgment of the [c]ourt."

Harris now appeals the trial court's revocation order.

ANALYSIS

Harris contends that the trial court abused its discretion by imposing an active revocation sentence upon finding that he violated the conditions of his supervised probation.[3] "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). A circuit court may abuse its discretion in one of three principal ways: "(1) by failing to consider a relevant factor that should have been given significant weight, (2) by considering and giving significant weight to an irrelevant or improper factor, and (3) when the circuit court, while weighing 'all proper factors,' commits a clear error of judgment." *Fields v. Commonwealth*, 73 Va. App. 652, 672 (2021) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013)).

Under the terms of the revocation statute applicable to Harris's violations, once the trial court found that Harris violated the terms of his supervised probation, the trial court was obligated to revoke the suspended sentence, and the sentence was in "full force and effect."

---

[3] Harris does not challenge the trial court's determination that he violated the terms of his supervised probation.

Code § 19.2-306(C)(ii); *Green v. Commonwealth*, 75 Va. App. 69, 78 (2022).[4] The trial court was permitted—but not required—to resuspend all or part of the sentence. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002). Therefore, the trial court had the authority to revoke the previously suspended sentences of ten years and six months and resuspend six years and six months, for an active revocation sentence of four years.

Harris argues that the trial court did not "give sufficient credence" to his "efforts and accomplishments while in custody" and that "rational jurists" would have imposed other options instead of lengthy incarceration. The record reflects that the trial court considered Harris's arguments for a lower revocation sentence, including that his drug addiction caused his criminal conduct, and that he would benefit from participation in the CCAP. In rejecting that disposition, the trial court explained that Harris's probation violation was "very severe," particularly given that Harris committed a new burglary while on supervised probation for his previous burglary conviction. "For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price v. Commonwealth*, 51 Va. App. 443, 449 (2008). Given these facts, the trial court did not abuse its discretion by imposing an active revocation sentence of four years.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*

---

[4] Code § 19.2-306(C) was amended effective July 1, 2021. This Court recently held that the statutory amendment did not apply where, as here, the probation violation occurred and the revocation proceeding began before the effective date of the amendment. *See Green*, 75 Va. App. at 84 n.4. Even under the new statutory framework, the trial court has discretion to impose the balance of a previously suspended sentence when a probationer commits a new offense during the suspension period. *See* 2021 Va. Acts Spec. Sess. I ch. 538; Code § 19.2-306.1(B).