UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present: Judges Malveaux, Friedman and Lorish


MICHAEL LEE GUY

v.     Record No. 1218-23-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 29, 2024


FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
James P. Fisher, Judge

(Anna Cox, Assistant Public Defender, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Liam A. Curry, Assistant
Attorney General, on brief), for appellee.


In June 2023, the Circuit Court of Rappahannock County revoked Michael Lee Guy's

suspended sentences in their entirety and resuspended all but 16 years and 6 months'

incarceration. Guy now appeals, asserting that the trial court abused its discretion by admitting

testimony about a criminal conviction that was not the basis for the revocation. Additionally, he

contends that the trial court abused its sentencing discretion by placing undue weight on this

testimony. For the following reasons, we affirm the trial court's judgment.[1]

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND[2]

In 2006, Guy was convicted of six counts of statutory burglary, three counts of grand larceny, and two counts of larceny, third or subsequent offense. By final order entered February 8, 2007, the trial court sentenced him to 30 years' incarceration with 23 years suspended. Guy's supervised probation commenced on August 12, 2022[3]; the probation officer filed a major violation report (MVR) on February 28, 2023, alleging that Guy was arrested for extortion in Culpeper County on August 23, 2022.[4] Guy's arrest stemmed from the "multiple threats of [death and] bodily harm" he sent to his wife in February 2022, while he was still serving his underlying sentence. A Culpeper County jury convicted Guy in January 2023.

On October 11, 2022, while incarcerated for extortion, he was charged with assaulting a law enforcement officer. In December 2022, the Culpeper General District Court convicted Guy of the amended charge of misdemeanor assault and battery. The MVR listed the assault and battery conviction as the basis for Guy's probation revocation hearing.[5]

---

[2] "On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it."'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "On an appeal of a probation revocation, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022) (quoting *Green*, 75 Va. App. at 76).

[3] "The defendant was released from incarceration on August 12, 2022 after service of his seven year sentence to this jurisdiction as well as his service of sentences imposed in three other jurisdictions."

[4] The MVR is sealed. To the extent that this opinion mentions facts in the MVR—or in any other sealed documents—we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed. *See Chenevert v. Commonwealth*, 72 Va. App. 47, 52 n.1 (2020).

[5] The MVR also noted that the extortion conviction showed that Guy "was not of good behavior during his period of incarceration."

Guy's revocation hearing originally was scheduled for May 23, 2023. On that date, a sentencing revocation report (SRR) was filed under seal. This SRR stated that Guy violated the terms of his supervised probation by committing a new misdemeanor violation of law. Following a defense motion to continue, the trial court continued the revocation hearing to June 15, 2023.

At the revocation hearing, Guy conceded that he violated the terms of his supervised probation. The probation officer testified that Guy's misdemeanor assault and battery conviction was the basis for the revocation. The officer also confirmed that Guy was convicted of extortion in Culpeper County based on messages he sent while he was incarcerated. Guy received a sentence of "[a]pproximately three years" on the extortion conviction.

Guy's father-in-law, Julian Moody, testified on behalf of the Commonwealth. When the Commonwealth asked Moody to describe "the basic facts" of the extortion case, Guy objected on relevance grounds. The trial court overruled the objection. Moody testified that Guy sent his wife—Moody's daughter— threatening messages from prison. Moody did not "repeat the language" in the messages out of respect for the court but stated that Guy called her "everything in the book." Further, Moody asserted that his daughter "live[d] in fear every day" and was a "nervous wreck" because of Guy's threats.

The trial court admitted without objection an exhibit introduced by the Commonwealth containing the text messages Guy sent his wife. The messages showed Guy repeatedly threatening to harm his wife and her son if she did not answer his phone calls. In one message he stated: "Im [sic] going to really really hurt you real bad and it wont [sic] stop with you I will really make an example of" her son, and "pick up the fucking phone or sign your fucking death certificate Im [sic] not playing I will make it my goal to make sure you know real pain." He also threatened to cause "the most horrific pain imaginable," stated that she was "dead" if she did not pick up the phone in

the morning, and that her son would "find out just how me[a]n" Guy could be. Guy repeatedly called her a "bitch" and "whore," as well as an "asshole" and a "cunt."

Guy asked the trial court to impose a sentence within the discretionary sentencing guidelines range of time served to six months.[6] He stated that he had been incarcerated from 2006 to 2022, "nearly the entirety of his adult life." He worked as a cook for eight years in prison, and "actively pursu[ed] self[-]improvement the entire time that he was incarcerated" by completing as many courses as possible. Guy "realize[d]" that he made a "grave" mistake and had "learned a lesson." He was "very eager" to see his daughter, granddaughter, and parents, and he wished to divorce his wife and have no contact with her.

The Commonwealth requested a two-year sentence. It noted that Guy's underlying convictions included six counts of statutory burglary, which was "one of the most serious and violent type of offenses." The Commonwealth highlighted that, after commencing supervised probation in August 2022, Guy committed another violent crime; an assault and battery in October 2022. The Commonwealth also argued that the threatening messages Guy sent to his wife from prison showed what he was "capable of."

In allocution, Guy "t[ook] responsibility" for his actions and apologized to his wife, her son, and Moody. He explained that he hoped that they would have "a speedy healing process," and pledged to continue "to better" himself.

---

[6] There were two SRRs filed in this case. One report—which was filed under seal—calculated the discretionary sentencing guidelines range based only on the new misdemeanor assault and battery conviction. The other report—which was not filed under seal—calculated the discretionary sentencing guidelines range based on both the misdemeanor assault and battery and the felony extortion convictions. The guidelines range based on the misdemeanor conviction was time served to six months, while the range based on the misdemeanor and felony convictions was eight months to two years. Neither the Commonwealth nor the trial court disputed defense counsel's statement that the discretionary guidelines range was time served to six months.

Before pronouncing sentence, the trial court noted that it had "taken some extra time to look into" the case "because there [we]re quite a number of documents, and there [we]re a number of factors" for the trial court to consider. The trial court noted that Guy had a "robust criminal history" involving "residential burglaries and larcenies, which [we]re very, very serious crimes." The trial court was "really concern[ed]" that, after serving a lengthy sentence, Guy both sent death threats to his wife and committed assault and battery. The trial court characterized Guy's "litany of threats to murder" his wife and her son as "very, very serious."

The trial court stated that it "interpret[ed]" the Commonwealth's sentencing request to be 2 years' incarceration for each of the 11 underlying convictions. The trial court declined to "go that high," but revoked Guy's suspended sentences and resuspended all but 1 year and 6 months' incarceration on each underlying conviction, for a total sentence of 16 years and 6 months. The trial court explained that the guidelines were inadequate given all the evidence, particularly the seriousness of the threats. Additionally, the trial court "terminate[d] probation," concluding that Guy was not amenable to supervision.[7]

Guy now appeals, arguing that the trial court abused its discretion by admitting Moody's testimony regarding the extortion conviction, and by giving that evidence undue weight in sentencing.

---

[7] Before the trial court entered the final revocation order, Guy moved for reconsideration. Defense counsel stated that, after the revocation hearing, the prosecutor clarified that the Commonwealth's sentencing request was two years *total*, rather than two years on each count. Further, defense counsel asserted that "[e]ven if the felony conviction had been part of the basis of the violation," Guy's sentence would be "eight times the high end" of the discretionary sentencing guidelines range. The trial court declined to reconsider the sentence.

ANALYSIS

I. *The trial court did not abuse its discretion by allowing the admission of Moody's testimony.*

"[A] revocation hearing, like the criminal trial that preceded it, . . . involves two phases—evaluating whether a violation has occurred and, if so, determining an appropriate penalty." *Jenkins v. Commonwealth*, 71 Va. App. 334, 345 (2019). Here, the record reflects that the trial court admitted Moody's testimony in the sentencing phase of the revocation hearing. *See id.* at 347.

"A sentencing hearing before a judge is not a criminal trial." *Smith v. Commonwealth*, 52 Va. App. 26, 30 (2008). Under settled jurisprudence, the sentencing judge has "wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law." *Harvey v. Commonwealth*, 65 Va. App. 280, 284 (2015) (quoting *McClain v. Commonwealth*, 189 Va. 847, 860 (1949)). In exercising its discretion, the trial court "must take into account a wide range of information, including the defendant's remorse or lack thereof, in determining 'a sentence that best effectuates the criminal justice system's goals of deterrence (general and specific), incapacitation, retribution and rehabilitation.'" *Baldwin v. Commonwealth*, 69 Va. App. 75, 87 (2018) (quoting *Smith v. Commonwealth*, 27 Va. App. 357, 363 (1998)).

"In determining the admissibility of evidence at a sentencing hearing, 'the circumstances of the individual case will dictate what evidence will be necessary and relevant, and from what sources it may be drawn." *Meekins v. Commonwealth*, 72 Va. App. 61, 68 (2020) (quoting *Beck v. Commonwealth*, 253 Va. 373, 384 (1997)). "Such weighing is left to the discretion of the trial court and will not be disturbed on appeal, absent an abuse of discretion." *Id.* (quoting *Harvey*, 65 Va. App. at 287).

The extortion conviction was not noted as the basis for revoking Guy's suspended sentences. But it is well-established that "evidence of a defendant's prior criminal convictions is . . . relevant and admissible" in the sentencing portion of a revocation hearing. *Pearson v. Commonwealth*, 37 Va. App. 583, 590 (2002). Guy contends that, because the Commonwealth already had introduced evidence of the extortion conviction's existence, Moody's "understanding of the facts of the extortion case and its effects on his family [was] irrelevant." We disagree. In fashioning an appropriate sentence, it was proper for the trial court to consider the circumstances of the extortion conviction, including that Guy committed that offense in prison, that his wife was the victim, and that she remained fearful because of the threats.

Moreover, Guy was not privileged to limit the Commonwealth's opportunity to present evidence by stipulating to the criminal activity. *See Boone v. Commonwealth*, 285 Va. 597, 600 (2013) ("[A]n accused cannot . . . require the Commonwealth to pick and choose among its proofs, to elect which to present and which to forego." (alterations in original) (quoting *Pittman v. Commonwealth*, 17 Va. App. 33, 35 (1993))); *see also Pittman*, 17 Va. App. at 35 ("The Commonwealth . . . is not obliged to enter into an agreement whereby it is precluded from putting on its evidence simply because the defendant is willing to make a qualified stipulation." (alteration in original) (quoting *Hudson v. Commonwealth*, 9 Va. App. 110, 112 (1989))). Considered in context, we find no abuse of the trial court's discretion to admit Moody's testimony.

II. *The trial court did not abuse its discretion by imposing a sentence above the discretionary sentencing guidelines.*

Subject to the provisions of Code § 19.2-306.2, after suspending the execution of imposition of a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may

revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). If the trial court finds that the defendant "has violated another condition other than (i) a technical violation or (ii) a good conduct violation that did not result in a criminal conviction, then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). Guy contends that the trial court abused its discretion because it gave "significant weight" to Moody's testimony, which Guy asserts is "an irrelevant and improper factor." *See Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013). Again, we disagree. The record does not reflect that the trial court gave significant weight to Moody's testimony. The trial court assigned substantial weight to Guy's "litany of threats to murder" his wife and her son. It is true that Moody testified about threats that Guy had made to his wife and her son, causing her to live in fear. But Moody declined to repeat the contents of the threats. Rather, the trial court admitted, without objection, an exhibit containing the messages verbatim. Thus, any assessment of the seriousness of the threats would have been based on the exhibit, not Moody's testimony.

The trial court did not abuse its discretion by assigning considerable weight to the threats. Guy's main argument for a sentence within the range recommended by the discretionary sentencing guidelines was that he had "learned a lesson" from his lengthy prison term and had rehabilitated himself. Less than six months before his release date, Guy expressly and repeatedly threatened to kill his wife and harm her son. The trial court was entitled to consider these threats, alongside Guy's "robust criminal history," in rejecting this proposition and imposing a sentence above the discretionary sentencing guidelines.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Guy's conduct supports a finding that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). We do not find error in the trial court's decision not to extend this grace any further.

CONCLUSION

The trial court did not abuse its discretion by admitting Moody's testimony in the sentencing portion of the revocation proceeding or considering that testimony alongside several other factors in imposing sentence. Accordingly, we affirm the trial court's judgment.

*Affirmed.*